**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

RALPH TINSLEY,

Petitioner,

v.

BARBARA L. BEASLEY, et. al.;

Respondent,
_________________________________/

Case No. 5:11-CV-13289
HONORABLE JOHN CORBETT O'MEARA
UNITED STATES DISTRICT JUDGE

**OPINION AND ORDER SUMMARILY DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL IN FORMA PAUPERIS**

Ralph Tinsley, ("Petitioner"), presently confined at the St. Louis Correctional Facility in St. Louis, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his conviction for first-degree murder, M.C.L.A. 750.316; and possession of a firearm in the commission of a felony, M.C.L.A. 750.227b. For the reasons stated below, the petition for writ of habeas corpus is DISMISSED WITHOUT PREJUDICE.

## I. Background

Petitioner was convicted of the above offenses in the Wayne County Circuit Court. Petitioner's conviction was affirmed on appeal. *People v. Tinsley*, No. 240366; 2003 WL 22162322 (Mich.Ct.App. September 18, 2003); *lv. den.* 469 Mich. 1015; 677 N.W. 2d 28 (2004)(table).

On December 22, 2008, petitioner filed a petition for writ of habeas corpus with

the United States District Court for the Eastern District of Michigan. Although he used a form approved by the judges of the Eastern District of Michigan, petitioner failed to allege any grounds for relief. On February 3, 2009, the Court ordered petitioner to show cause why his petition should not be dismissed. Petitioner filed a response, which was "barely intelligible." On April 1, 2009, the Court dismissed the petition without prejudice, on the ground that the form petition contained no grounds for relief and the Court was "unable to discern any cognizable claims in Petitioner's response to the Court's order to show cause." *See Tinsley v. Sherry,* U.S.D.C. No. 08-15237 (E.D. Mich. April 1, 2009)(Steeh, J.). [1] Petitioner did not appeal the dismissal of his petition with the United States Court of Appeals for the Sixth Circuit.

Petitioner has now filed a second petition for writ of habeas corpus, in which he again seeks habeas relief on his first-degree murder and felony-firearm convictions.

## II. Discussion

The petition for writ of habeas corpus must be dismissed, because petitioner has failed to clearly specify the claims that he is wishes to raise in his petition, nor has he alleged any facts which show that he is being detained in violation of the federal constitution.

A habeas petition must "specify all the grounds for relief available to the

[1] This Court obtained this information from this Court's CM/ECF docket sheet. Public records and government documents, including those available from reliable sources on the Internet, are subject to judicial notice. *See United States ex. rel. Dingle v. BioPort Corp.*, 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003). A district court is permitted to take judicial notice of its own files and records in a habeas proceeding. *See Van Woudenberg ex. rel. Foor v. Gibson,* 211 F. 3d 560, 568 (10th Cir. 2000).

petitioner" and must "state the facts supporting each ground." Rules Governing § 2254 Cases, Rule 2(c)(1) and (2). A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *See Perez v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). "[A] claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief." *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996)(internal citations omitted). Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke*, 178 F. 3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. The Sixth Circuit, in fact, long ago indicated that they "disapprove the practice of issuing a show cause order [to the respondent] until after the District Court first has made a careful examination of the petition." *Allen v. Perini*, 424 F. 3d 134, 140 (6th Cir. 1970). A district court therefore has the duty to screen out any habeas corpus petition which lacks merit on its face. *Id.* at 141. No return to a habeas petition is necessary when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a return by the state. *Id.*

In the present case, most, if not all, of petitioner's habeas application is illegible or

unintelligible. This Court is unable to discern from the face of the petition the nature of petitioner's habeas claims. Because the petition contains so many unintelligible and conclusory allegations and statements, it is impossible for the Court to determine the exact errors of fact or law raised for the Court's disposition. As such, the petition is subject to dismissal. *See Edwards v. Johns,* 450 F. Supp. 2d 755, 756 (E.D. Mich. 2006); *See also Jackson v. Albany Appeal Bureau Unit*, 442 F. 3d 51, 53-54 (2nd Cir. 2006)(habeas petitioner's amended petition was unintelligible, warranting dismissal pursuant to Rule 2(c) of the Rules Governing Section 2254 Cases); *Bakalov v. State of Utah,* 4 Fed. Appx. 654, 657 (10th Cir. 2001)(Pro se habeas petition was deficient, in that it contained so many unintelligible and conclusory allegations and statements, it was impossible to ascertain the exact errors of fact or law raised for the court's disposition). Accordingly, the Court will dismiss the petition for writ of habeas corpus without prejudice.

## III. Conclusion

The Court will summarily dismiss the petition for writ of habeas corpus without prejudice. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel,* 529 U.S.

473, 483-84 (2000). A habeas petitioner should be granted a certificate of appealability permitting him to appeal from the summary dismissal of his habeas petition only if reasonable jurists could disagree with the district court's application of Rule 4 to summarily dismiss the petitioner's claims. *See Boutwell v. Keating,* 399 F. 3d 1203, 1211 (10th Cir. 2005). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *See Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001). Indeed, it would be a "rare case" in which a district judge issues a habeas petitioner a certificate of appealability to appeal after he dismisses a habeas petition without requiring an answer because it plainly appeared from the face of the petition and any exhibits annexed to it that the petitioner was not entitled to habeas relief. *See e.g. Alexander v. Harris,* 595 F. 2d 87, 91 (2nd Cir. 1979)*; Myers v. Ludwick,* No. 2009 WL 4581693, * 4 (E.D. Mich. December 3, 2009). The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Allen v. Stovall,* 156 F. Supp. 2d at 798.

## IV. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE.**

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*

s/John Corbett O'Meara
United States District Judge

Date: August 10, 2011

I hereby certify that on August 10, 2011, copy of the foregoing document was served upon Petitioner at St. Louis Correctional Facility, 8585 N. Croswell Road, St. Louis, MI 48880 by first-class U.S. mail.

s/William Barkholz
Case Manager